UNITED STATES BANKRUPTCY COURT

DISTRICT OF MINNESOTA

In Re: Garner, Tracy M. and Aana E.                                  Case No. <u>19-32339</u>
        Debtor.                                        CHAPTER 13 PLAN  ☒ Modified
In a joint case, debtor means debtors in this plan.

**Part 1.  NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE:** Debtor must check the appropriate boxes below to state whether or not the plan includes each of the following items:

| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 9 or 17 | ☐ Included | ☒ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of security interest or lien, set out in Part 17 | ☐ Included | ☒ Not included |
| 1.3 | Nonstandard provisions, set out in Part 17 | ☒ Included | ☐ Not included |

**Part 2.  DEBTOR's PAYMENTS TO TRUSTEE**

2.1  As of the date of this plan the debtor has paid the trustee <u>$0.00</u>.

2.2  After the date of this plan, the debtor will pay the trustee $ <u>455.00</u> per month for <u>55</u> months beginning in January, 2020, for a total of $25,025.00. The initial plan payment is due not later than 30 days after the order for relief.

2.3  The minimum plan length is ☒ 36 months or ☐ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.

2.4  The debtor will also pay the trustee <u>$2,508.00 in chapter 13 plan arrears</u>.

2.5  The debtor will pay the trustee a total of $ <u>25,025.00</u> (lines 2.1 + 2.2 + 2.4).

**Part 3.  PAYMENTS BY TRUSTEE:** The Trustee will pay from available funds only creditors for which proofs of claim have been filed.  The trustee may collect a fee of up to 10% of plan payments, or $2,502.50 (line 2.5 x10).

**Part 4.  ADEQUATE PROTECTION PAYMENTS (§1326(a)(1)(C)):** The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

|  | Creditor | Monthly Payment | Number of Payments | Total Payments |
|---|---|---|---|---|
| 4.1 |  |  |  |  |
| 4.2 |  | $ |  | $ |
|  | TOTAL |  |  | $100.00 |

**Part 5.  EXECUTORY CONTRACTS AND UNEXPIRED LEASES (§365):** The debtor assumed the following executory contracts or unexpired leases.  Debtor will pay directly to creditors all payments that come due after the date the petition was filed.  Cure provisions, if any, are set forth in Part 8.

|  | Creditor | Description of Property |
|---|---|---|
| 5.1 |  |  |
| 5.2 |  |  |

**Part 6.  CLAIMS NOT IN DEFAULT:** Payments on the following claims are current and the debtor will pay directly to creditors all payments that come due after the date the petition was filed.  The creditors will retain liens, if any.

|  | Creditor | Description of Property |
|---|---|---|
| 6.1 | Cars-n-Credit | 2010 Chevy Equinox |
| 6.2 |  |  |
|  |  |  |

**Part 7.  HOME MORTGAGES IN DEFAULT (§1322(b)(5) AND 1322(e)):** The trustee will cure payment defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence.  The debtor will pay directly to creditors all payments that come due after the date the petition was filed.  The creditors will retain liens. **All following entries are estimates.**  The trustee will pay the actual amounts of default.

|     | Creditor | Amt. of Default | Mo. Payment | Beg. In Month # | No. of Payments | Total Payments |
|-----|----------|-----------------|-------------|-----------------|-----------------|----------------|
| 7.1 | Homepoint Financial Corp | $15,360.00 | $279.27 | 1 | 55 | $15,360.00 |
| 7.2 |          | $ | $ |  |  | $ |
|     | TOTAL    |   |   |  |  | $15,360.00 |

**Part 8.  CLAIMS IN DEFAULT (§1322(b)(3) AND 1322 (e)):**  The trustee will cure payment defaults on the following claims as set forth below.  The debtor will pay directly to creditors all payments that come due after the date the petition was filed.  The creditors will retain liens, if any. **All following entries are estimates, except for interest rate.**

|     | Creditor | Amt. of Default | Int. Rate (if any) | Monthly Payment | Beg. In Month # | No. of Payments | Total Payments |
|-----|----------|-----------------|--------------------|-----------------|-----------------|-----------------|----------------|
| 8.1 |          | $ |  | $ |  |  | $ |
| 8.2 |          | $ |  | $ |  |  | $ |
|     | TOTAL    | $ |  | $ |  |  | $ |

**Part 9.  SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO §506 (§1325(a)(5)) (secured claim amounts in this Part controls over any contrary amounts except for secured claims of governmental units):** The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column below.  Unless otherwise specified in Part 17, the creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge, and if this case is dismissed or converted without completion of the plan, such liens shall also be retained by such holders to the extent recognized by applicable nonbankruptcy law.  Notwithstanding a creditor's proof of claim filed before or after confirmation, the amount listed in this Part as a creditor's secured claim bind the creditor pursuant to 11 U.S.C. §1327 and confirmation of the plan is a determination of the creditor's allowed secured claim.  For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with FRBP 3012(c) controls over any contrary amount.

|     | Creditor | Claim Amt | Secured Claim | Interest Rate | Beg. In Month # | Monthly Payment | Number of Payments | = Plan Payments | +Adj. Prot. From Part 4 | = Total Payments |
|-----|----------|-----------|---------------|---------------|-----------------|-----------------|--------------------|-----------------|-------------------------|------------------|
| 9.1 |          | $ | $ |  |  | $ |  | $ | $ | $ |
| 9.2 |          | $ | $ |  |  | $ |  | $ | $ | $ |
|     | TOTAL    |   |   |  |  |   |  |   |   | $ |

**Part 10. SECURED CLAIMS EXCLUDED FROM §506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§1325(A)) (910 VEHICLES AND OTHER THINGS OF VALUE) (ALLOWED SECURED CLAIM CONTROL OVER ANY CONTRARY AMOUNT):** The Trustee will pay in full the amount of the following allowed secured claims. **All following entries are estimates, except for interest rate.**  The creditors will retain liens.  Unmodified 910 claims not in default are addressed in Part 6.  Unmodified 910 claims in default are addressed in Part 8.

|      | Creditor | Claim Amt | Interest Rate | Beg. In Month # | Monthly Payment | Number of Payments | = Plan Payments | +Adj. Prot. From Part 4 | = Total Payments |
|------|----------|-----------|---------------|-----------------|-----------------|--------------------|-----------------|-------------------------|------------------|
| 10.1 |          |   |  |  |   |  |   |   |   |
| 10.2 |          | $ |  |  | $ |  | $ | $ | $ |
|      | TOTAL    |   |  |  |   |  |   |   | $ |

**Part 11.  PRIORITY CLAIMS** (not including claims under Part 12): The Trustee will pay in full all claims entitled to priority under §507(a)(2) through (a)(10), including the following. **The amounts listed are estimates.** The trustee will pay the amounts actually allowed.

| | Creditor | Estimated Claim | Mo. Payment | Beg. In Month # | No. of Payments | Total Payments |
|---|---|---|---|---|---|---|
| 11.1 | Attorney's Fees | $4,000.00 | $100.00 | 3 | 40 | $4,000.00 |
| 11.2 | IRS | $ | $ | | | $ |
| 11.3 | MN Dept. of Revenue | $2,011.60 | Pro-rata | | | $2,011.60 |
| | Total | | | | | $6,011.60 |

**Part 12: DOMESTIC SUPPORT OBLIGATION CLAIMS:**  The trustee will pay in full all domestic support obligation claims entitled to priority under §507(a)(1), including the following. **The amounts are estimates.** The Trustee will pay the amounts actually allowed.

| | Creditor | Estimated Claim | Mo. Payment | Beg. In Month # | No. of Payments | Total Payments |
|---|---|---|---|---|---|---|
| 12.1 | | $ | $ | | | $ |
| 12.2 | | $ | $ | | | $ |
| | Total | | | | | $ |

**Part 13.  SEPARATE CLASSES OF UNSECURED CLAIMS:** In addition to the class of unsecured claims specified in Part 14, there shall be separate classes of non-priority unsecured claims described as follows: _____
The Trustee will pay the allowed claims of the following creditors.  **All entries below are estimates.**

| | Creditor | Est. Claim | Int. Rate (if any) | Monthly Payment | Beg. In Month # | No. of Payments | Total Payments |
|---|---|---|---|---|---|---|---|
| 13.1 | | $ | | $ | | | $ |
| 13.2 | | $ | | $ | | | $ |
| | TOTAL | | | $ | | | $ |

**Part 14.  TIMELY FILED UNSECURED CLAIMS.**  The trustee will pay holders of non-priority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under Part 3, 7, 8, 9, 10, 11, 12 and 13 their pro rata share of approximately $1,125.90 (line 2.5 minus totals in Parts 3, 7, 8, 9, 10, 11, 12 and 13).

14.1   The debtor estimates that the total unsecured claims held by creditors listed in Part 9 are $_____.

14.2   The debtor estimates that the debtor's total unsecured claims (excluding those in Parts 9 and 13) are $19,388.55.

14.3   Total estimated unsecured claims for which proofs of claim were tardily filed.

**PART 15. TARDILY-FILED UNSECURED CLAIMS:**  All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 4, 7, 8 9, 10, 11, 12, 13 and 14, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed.

**PART 16.  SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:**  The debtor has surrendered or will surrender the following property to the creditor.  The debtor requests that the automatic stay be terminated as to the surrendered collateral upon confirmation of the plan.

| | Creditor | Description of Property |
|---|---|---|
| 16.1 | Chase Mortgage | Previous homestead mortgage with Debtor 2's ex-husband |
| 16.2 | | |

**PART 17.  NONSTANDARD PROVISIONS.**  The Trustee may distribute additional sums not expressly provided for herein at the trustee's discretion.  Any nonstandard provisions, as defined in FRBP 3015(c), must be in this Part.  Any nonstandard provision placed elsewhere in the plan is void.  Any request by the debtor to modify a claim unsecured only by a security interest in real property that is the debtor's principal residence must be listed in this Part and the debtor must bring a motion to determine the value of the secured claim pursuant to Local Rule 3012-1(a).

| 17.1 | |
|------|--|
| 17.2 | |

**SUMMARY OF PAYMENTS:**

| Class of Payment | Amount to be paid |
|------------------|-------------------|
| **Payments by trustee (Part 3)** | $2,502.50 |
| **Home mortgages in default (Part 7)** | $15,360.00 |
| **Claims in default (Part 8)** | $ .00 |
| **Secured claims subject to modification (cramdown) pursuant to §506 (Part 9)** | $ |
| **Secured claim excluded from §506 (Part 10)** | $ |
| **Priority claims (Part 11)** | $6,011.60 |
| **Domestic support obligation claims (Part 12)** | $ |
| **Separate classes of unsecured claims (Part 13)** | $ |
| **Timely filed unsecured claims (Part 14)** | $1,125.90 |
| **Total** | $25,025.00 |
| | |

<u>**Certificate regarding nonstandard provision:**</u>
I certify that this plan contains no nonstandard
Provision except as placed in Part 17.

Signed: /e/ Tracy M. Garner _____
         Debtor 1

Signed: /e/ Perry A. Berg _____
         Attorney for debtor

Signed: /e/ Aana E. Garner _____

# Patton  Hoversten  &  Berg

*A Professional Association / Attorneys at Law*



December 11, 2019

William L. Hoversten*
Perry A. Berg*
Daryl D. Bail*
Karie M. Anderson*
Gregory C. Olson
Keith L. Deike
Danielle L. Norrid
Russell E. Hardeman

*Shareholders*

William B. Patton
*1922-2001*

### Notice of PreConfirmation Modification of Chapter 13 Plan

US Trustee
via CM/ECF

Gregory Burrell
via CM/ECF

James A. Dohnalek
via CM/ECF

Tracy J. Halliday
via CM/ECF

Orin J. Kipp
via CM/ECF

RE:     Tracy M. and Aana E. Garner
        Bky File No. 19-32339
        Our File No. 60421

Dear Interested Parties:

Enclosed and hereby served upon you by mail please find a copy of the Modified Chapter 13 Plan regarding the above referenced debtor. The Confirmation of Plan hearing will be held on, Thursday, January 9, 2020, at 10:30 a.m. in Courtroom 2C at 200 Warren E. Burger Federal Building and US Courthouse, 316 North Robert Street in St. Paul.

Sincerely,

PATTON, HOVERSTEN & BERG, P.A.


/e/Perry A. Berg
PAB/lja

Enclosure
cc:     client

*Waseca Office:*
215 Elm Avenue East
PO Box 249
Waseca, MN 56093
(507) 835-5240
(888) 835-5244
*Fax:* (507) 835-1827

*Owatonna Office:*
150 West Park Square
PO Box 506
Owatonna, MN 55060
(507) 451-9000
(866) 451-9010
*Fax:* (507) 451-0907

*Janesville Office:*
216 North Main Street
PO Box M
Janesville, MN 56048
(507) 234-5106
(888) 980-1210
*Fax:* (507) 234-5704

*Faribault Office:*
302 First Avenue N.W.
Faribault, MN 55021
(507) 332-7425
(877) 694-1204
*Fax:* (507) 331-7427

*Website:*
www.phblawoffice.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re: Garner, Tracy M. and Aana E..

Debtor(s).

SIGNATURE DECLARATION

Court File No. 19-32339

\_\_\_\_\_ PETITION, SCHEDULES & STATEMENTS
\_\_\_\_\_ CHAPTER 13 PLAN
\_\_\_\_\_ VOLUNTARY CONVERSION, SCHEDULES & STATEMENTS
\_\_\_\_\_ AMENDMENT TO PETITION, SCHEDULE & STATEMENTS
\_✓\_ MODIFIED CHAPTER 13 PLAN
\_\_\_\_\_ OTHER (Please describe)

We, Tracy M. Garner and Aana E. Garner, the undersigned debtor or authorized representative of the debtor, **make the following declarations under penalty of perjury:**

1. The information I have given my attorney for the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

2. The Social Security Number or Tax Identification Number I have given to my attorney for entry into the Court's Case Management/Electronic Case Filing (CM/ECF) system as a part of the electronic commencement of the above-referenced case is true and correct;

3. **(individual debtors only)** If no Social Security Number was provided as described in paragraph 2 above, it is because I do not have a Social Security Number;

4. I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration;

5. My electronic signature contained on the document filed with the Bankruptcy Court has the same effect as if it were my original signature on those documents; and

6. **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: _12 - 11 - 2019_

X: _Tracy M Garner_
Signature of Debtor 1

Tracy M. Garner
Printed Name of Debtor 1

X: _Aana E Garner_
Signature of Debtor 2

Aana E. Garner
Printed Name of Debtor 2

## UNSWORN CERTIFICATE OF SERVICE

I, Lori J. Anderson, declare under penalty of perjury that on <u>December 11, 2019</u>, I mailed copies of the foregoing Notice of Preconfirmation Modification of Chapter 13 Plan and Modified Chapter 13 Plan by first class mail, postage prepaid, to each entity named below at the address stated below for each entity:

Tracy and Aana Garner
637 E. Rose St.
Owatonna, MN 55060

By CM/ECF:

      James A. Dohnalke
      Tracy J. Halliday
      Orin J. Kipp
      Gregory A. Burrell
      US Trustee

Executed on:   12/11/19                                    /e/ Lori J. Anderson